UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Matthew J. Doiron a/k/a Matthew Doiron<br><br>**Defendant**<br><br>Schonard Unit Owners' Association, formerly known as River Bend, A Condominium<br>Internal Revenue Service<br><br>**Party-In-Interest** | **COMPLAINT**<br><br>RE:<br>30 Whipple Road, Gorham, ME 04038<br><br>Mortgage:<br>September 21, 2007<br>Book 25556, Page 248 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in which the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is the obligor and the total amount owed under the terms of the Note is Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust is a national association with its principal place of business in Ohio.

5. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is a resident of Gorham, County of Cumberland and State of Maine.

6. The Party-in-Interest, Schonard Unit Owners' Association, formerly known as River Bend, A Condominium, is located at c/o George B. Lawson, 4 Middle Jam Road, Gorham, ME 04038.

7. The Party-in-Interest, Internal Revenue Service, is located at c/o Halsey B. Frank Office of the U.S. Attorney General, 100 Middle Street, East Tower, 6th Floor, Portland, ME 04101.

## FACTS

8. On December 14, 2004, by virtue of a Warranty Deed from David M. Kingsley, which is recorded in the Cumberland County Registry of Deeds in **Book 22133, Page 22**, the property situated at 30 Whipple Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, and Nancy Doiron being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On September 6, 2011, by virtue of a Quitclaim Deed from Nancy Doiron, which is recorded in the Cumberland County Registry of Deeds in **Book 28950, Page 81**, the property situated at 30 Whipple Road, County of Cumberland, and State of Maine, was conveyed solely to the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, being more particularly described by the attached legal description. See Exhibit A.

10. On September 21, 2007, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, executed and delivered to Bank of America, N.A. a certain Note in the amount of $168,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on September 21, 2007, the Defendant executed a Mortgage Deed in favor of Bank of America, N.A., securing the property located at 30 Whipple Road, Gorham, ME 04038 which Mortgage Deed is recorded in the Cumberland County

Registry of Deeds in **Book 25556**, **Page 248**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 14, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32826**, **Page 67**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust by virtue of an Assignment of Mortgage dated April 4, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 34755**, **Page 167**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On December 28, 2014, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $221,750.96 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On May 23, 2018, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, of the payment due date, the total amount necessary to cure the default, and the deadline

by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

17. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

20. Schonard Unit Owners' Association, formerly known as River Bend, A Condominium is a Party-in-Interest pursuant to a Condominium Lien in the amount of $7,807.19 dated January 31, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 28506, Page 285** and is in third position behind Plaintiff's Mortgage.

21. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $5,850.07 dated December 21, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 30282, Page 75** and is in second position behind Plaintiff's Mortgage.

22. Internal Revenue Service is a Party-in-Interest pursuant to a Notice of Federal Tax Lien in the amount of $16,401.94 dated April 20, 2017, and recorded in the Cumberland County Registry of Deeds in **Book 33980, Page 23** and is in second position behind Plaintiff's Mortgage.

23. The total debt owed under the Note and Mortgage as of November 5, 2018 is Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $219,593.00 |
| Interest | $36,340.97 |
| Escrow/Impound Required | $15,211.35 |
| Late Charges Due | $847.45 |
| Total Advances | $1,713.25 |
| Grand Total | $273,706.02 |

24. Upon information and belief, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure respecting a real estate related Mortgage and title located at 30 Whipple Road, Gorham, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, has the right to foreclosure upon the subject property.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

30. The total debt owed under the Note and Mortgage as of November 5, 2018 is Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $219,593.00 |
| Interest | $36,340.97 |
| Escrow/Impound Required | $15,211.35 |
| Late Charges Due | $847.45 |
| Total Advances | $1,713.25 |
| Grand Total | $273,706.02 |

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

33. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, on May 23, 2018, evidenced by the Certificate of Mailing.. *See* Exhibit G.

34. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. On September 21, 2007, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, executed and delivered to Bank of America, N.A. a certain Note in the amount of $168,000.00. *See* Exhibit B.

37. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is in default for failure to properly tender the April 1, 2015 payment and all subsequent payments. *See* Exhibit G.

38. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Matthew J. Doiron a/k/a Matthew Doiron.

39. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

40. The Defendant Matthew J. Doiron a/k/a Matthew Doiron's breach is knowing, willful, and continuing.

41. The Defendant Matthew J. Doiron a/k/a Matthew Doiron's breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust to suffer actual

damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

42. The total debt owed under the Note and Mortgage as of November 5, 2018, if no payments are made, is Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $219,593.00 |
| Interest | $36,340.97 |
| Escrow/Impound Required | $15,211.35 |
| Late Charges Due | $847.45 |
| Total Advances | $1,713.25 |
| Grand Total | $273,706.02 |

43. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. By executing, under seal, and delivering the Note, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, entered into a written contract with Bank of America, N.A. who agreed to loan the amount of $168,000.00 to the Defendant. *See* Exhibit B.

46. As part of this contract and transaction, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Bank of America, N.A., and has performed its obligations under the Note and Mortgage.

48. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, breached the terms of the Note and Mortgage by failing to properly tender the April 1, 2015 payment and all subsequent payments. *See* Exhibit G.

49. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Matthew J. Doiron a/k/a Matthew Doiron.

50. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

51. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust in the sum of Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to the Defendant.

52. Defendant Matthew J. Doiron a/k/a Matthew Doiron's breach is knowing, willful, and continuing.

53. Defendant Matthew J. Doiron a/k/a Matthew Doiron's breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of November 5, 2018, if no payments are made, is Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $219,593.00 |
| Interest | $36,340.97 |
| Escrow/Impound Required | $15,211.35 |
| Late Charges Due | $847.45 |
| Total Advances | $1,713.25 |
| Grand Total | $273,706.02 |

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned Defendant, Matthew J. Doiron a/k/a Matthew Doiron, $168,000.00. *See* Exhibit B.

58. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is in default for failure to properly tender the April 1, 2015 payment and all subsequent payments. *See* Exhibit G.

59. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust.

60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

61. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, loaned the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, $168,000.00. *See* Exhibit B.

63. The Defendant, Matthew J. Doiron a/k/a Matthew Doiron, has failed to repay the loan obligation.

64. As a result, the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust as successor-in-interest to Bank of America, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is in breach of the Note by failing to make payment due as of April 1, 2015, and all subsequent payments;

d) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is in breach of the Mortgage by failing to make payment due as of April 1, 2015, and all subsequent payments;

e) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due April 1, 2015 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Matthew J. Doiron a/k/a Matthew Doiron has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, to restitution;

j) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, for money had and received;

k) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Matthew J. Doiron a/k/a Matthew Doiron;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Matthew J. Doiron a/k/a Matthew Doiron, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF10 Master Participation Trust, in the amount of Two Hundred Seventy-Three Thousand Seven Hundred Six and 02/100 ($273,706.02 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

                                          Respectfully Submitted,
                                          U.S. Bank Trust, N.A., as Trustee for LSF10
                                          Master Participation Trust,
                                          By its attorneys,

Dated: November 13, 2018

                                          /s/ John A. Doonan, Esq.
                                          John A. Doonan, Esq., Bar No. 3250
                                          Reneau J. Longoria, Esq., Bar No. 5746
                                          Attorneys for Plaintiff
                                          Doonan, Graves & Longoria, LLC
                                          100 Cummings Center, Suite 225D
                                          Beverly, MA 01915

(978) 921-2670